1

2

3

4

5

6

7

8                              **UNITED STATES DISTRICT COURT**

9                              **EASTERN DISTRICT OF CALIFORNIA**

10

11   ROMMEL D. MEDINA VASQUEZ,              )   Case No.: 1:20-cv-00557-SAB (PC)
                                            )
12                  Plaintiff,              )
                                            )   ORDER DIRECTING CLERK OF COURT TO
13          v.                              )   RANDOMLY ASSIGN A DISTRICT JUDGE TO
                                            )   THIS ACTION
14   SHERIFF, *et al.*,                     )
                                            )   FINDINGS AND RECOMMENDATION
15                  Defendants.             )   RECOMMENDING PLAINTIFF'S MOTION FOR
                                            )   ACCESS TO THE LAW LIBRARY BE DENIED
16                                          )
                                            )   [ECF No. 9]
17   _____ )

18          Plaintiff Rommel D. Medina Vasquez is proceeding *pro se* and *in forma pauperis* in this civil

19   rights action pursuant to 42 U.S.C. § 1983.

20          Currently before the Court is Plaintiff's motion regarding law library access, filed on May 19,

21   2020.  In his motion, Plaintiff states that he has been denied access to the law library because there has

22   been no ruling in this action that would require him to have access. The Court construes Plaintiff's

23   motion, to the extent he seeks an order allowing him access to the law library, as a request for a

24   preliminary injunction against the jail officials at the Fresno County Jail.

25                                          **I.**

26                                   **LEGAL STANDARD**

27          "A preliminary injunction is an extraordinary remedy never awarded as of right." Winter v.

28   Nat. Res. Def. Council, Inc., 555 U.S. 7, 24 (2008) (citation omitted). "A plaintiff seeking a

                                              1

preliminary injunction must establish that he is likely to succeed on the merits, that he is likely to suffer irreparable harm in the absence of preliminary relief, that the balance of equities tips in his favor, and that an injunction is in the public interest." <u>Id.</u> at 20 (citations omitted). An injunction may only be awarded upon a clear showing that the plaintiff is entitled to relief. <u>Id.</u> at 22 (citation omitted).

Federal courts are courts of limited jurisdiction and in considering a request for preliminary injunctive relief, the Court is bound by the requirement that as a preliminary matter, it have before it an actual case or controversy. <u>City of L.A. v. Lyons</u>, 461 U.S. 95, 102 (1983); <u>Valley Forge Christian Coll. v. Ams. United for Separation of Church & State, Inc.</u>, 454 U.S. 464, 471 (1982). If the Court does not have an actual case or controversy before it, it has no power to hear the matter in question. <u>Id.</u> Requests for prospective relief are further limited by 18 U.S.C. § 3626(a)(1)(A) of the Prison Litigation Reform Act, which requires that the Court find the "relief [sought] is narrowly drawn, extends no further than necessary to correct the violation of the Federal right, and is the least intrusive means necessary to correct the violation of the Federal right."

Furthermore, the pendency of this action does not give the Court jurisdiction over prison officials in general. <u>Summers v. Earth Island Inst.</u>, 555 U.S. 488, 491–93 (2009); <u>Mayfield v. United States</u>, 599 F.3d 964, 969 (9th Cir. 2010). The Court's jurisdiction is limited to the parties in this action and to the viable legal claims upon which this action is proceeding. <u>Summers</u>, 555 U.S. at 491–93; <u>Mayfield</u>, 599 F.3d at 969.

## II.

## DISCUSSION

Plaintiff has not met the requirements for the injunctive relief he seeks in this motion.

On May 8, 2020, the Court screened Plaintiff's complaint, found it failed to state a cognizable claim for relief, and granted Plaintiff thirty days to file an amended complaint.  (ECF No. 8.)  As such, the Court cannot find that Plaintiff has shown a likelihood of success on the merits. In addition, no defendant has been ordered served, and no defendant has yet made an appearance. Therefore, the Court at this time lacks personal jurisdiction over any officials at Fresno County Jail, and it cannot issue an order requiring them to take any action.

Further, Plaintiff's motion makes no showing that he will suffer irreparable harm in the absence of an injunction, that the balance of equities tips in his favor, or that an injunction is in the public interest. The Court notes that Plaintiff attaches an inmate request form for access to the law library, which is dated April 30, 2020, prior to the issuance of the Court's May 8, 2020 screening order.[1]  (ECF No. 9.)  Moreover, the Court has provided Plaintiff with the relevant legal standards and identified the  deficiencies in the complaint.

To the extent Plaintiff seeks to have fellow inmate Jose Rodriguez appointed as counsel, his request must be denied.  Pro se litigants have no authority to represent anyone other than themselves; therefore, they lack the representative capacity to file motions and other documents on behalf of prisoners. See Johns v. County of San Diego, 114 F.3d 874, 877 (9th Cir. 1997) ("[A] non-lawyer 'has no authority to appear as an attorney for others than himself,' " (quoting C.E. Pope Equity Trust v. United States, 818 F.2d 696, 697 (9th Cir. 1987)); see also Simon v. Hartford Life, Inc, 546 F.3d 661, 664 (9th Cir. 2008) (non-attorney plaintiff may not attempt to pursue claim on behalf of others in a representative capacity). "Although a non-attorney may appear in propria person in his behalf, that privilege is personal to him." Id. (citations omitted).  Therefore, inmate Rodriguez, who is a non-lawyer, may not represent anyone but himself in court.

### III.

### CONCLUSION AND RECOMMENDATION

Accordingly, the Court HEREBY ORDERS the Clerk of the Court to randomly assign a district judge to this action.

Furthermore, it is HEREBY RECOMMENDED that Plaintiff's motion for access to the law library (ECF No. 9), be DENIED.

This Findings and Recommendation will be submitted to the United States District Judge assigned to the case, pursuant to the provisions of Title 28 U.S.C. § 636(b)(l). Within **fourteen (14)** days after being served with this Findings and Recommendation, Plaintiff may file written objections

---

[1] Pursuant to the Court's May 8. 2020, Plaintiff has a deadline of June 8, 2020 to file an amended complaint which should be sufficient to demonstrate an active and pending civil case.

3

with the court. The document should be captioned "Objections to Magistrate Judge's Findings and Recommendation." Plaintiff is advised that failure to file objections within the specified time may result in the waiver of the "right to challenge the magistrate's factual findings" on appeal. Wilkerson v. Wheeler, 772 F.3d 834, 839 (9th Cir. 2014) (citing Baxter v. Sullivan, 923 F.2d 1391, 1394 (9th Cir. 1991) ).


IT IS SO ORDERED.

Dated:  __**May 20, 2020**__

_____
UNITED STATES MAGISTRATE JUDGE

4